IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JUDITH JOLLY, Surviving Spouse of | § | |
| LAWRENCE SCHWARTZ, Deceased, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:03-CV-450 (TJW) |
| | § | |
| LAIDLAW TRANSIT, INC. dba LAIDLAW | § | |
| EDUCATION SERVICES, , | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment as to the Wrongful Death Claims of Judith Jolly (Docket # 40) and Motion for Entry of Judgment on the Wrongful Death Claims of Judith Jolly (Docket #51).  For the reasons set out below, the Court denies both motions.

**I.**     **Defendant's Motion for Entry of Judgment on the Wrongful Death Claim**

Defendant Laidlaw Transit, Inc. ("Laidlaw") filed a motion for summary judgment against Judith Jolly ("Jolly") on January 11, 2005.  On February 25, 2005, Laidlaw filed a motion for entry of judgment related to that claim because Jolly did not file a response to the motion for summary judgement.  Three days later, Jolly finally responded to the motion for summary judgment and also filed a response to the motion for entry of judgment.

The Court's Docket Control Order states in relevant part:

Responses to dispositive Motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e).  Motions for Summary Judgment shall comply with Local Rule CV56.

Jolly states that it believed motions for summary judgment were not bound by the time limits set out in Local Rule CV-7(e) because a reference to summary judgment was in a separate

sentence. Instead, Plaintiff's counsel stated that he looked at Local Rule CV-56 (which does not provide a time limit) and then turned to Fed. R. Civ. P. 56 to try and determine a response time.

The Court's Docket Control Order is clear. *All* responses to dispositive motions must comply with Local Rule CV-7(e). The next sentence in the Docket Control Order referring to Local Rule CV56 relates to the evidence needed, and the format required, for a motion for summary judgment. The Court is disturbed by Jolly's counsel's failure to abide by clear orders. The Court will allow Jolly's Response to Laidlaw's Motion for Summary Judgment in this case but expects that, in the future, Plaintiff's counsel will abide by the rules this Court has instituted.

2.      **Laidlaw's Motion for Summary Judgment**

Plaintiff Jolly has taken the position in this litigation that she was the common law spouse of Lawrence Schwartz. Laidlaw disputes Jolly's position and has filed a motion for summary judgment in an attempt to resolve this issue.

The basis of Defendant's Motion for Summary Judgment is straightforward. Plaintiff Jolly cannot recover under the wrongful death statute if Jolly was not the spouse of Mr. Schwartz at the time he died. The issue squarely before the Court then is whether or not there is a genuine issue of material fact as to whether or not Jolly was the common law spouse of Mr. Schwartz.

Under Texas law, three elements are necessary to establish a common law marriage: (1) an agreement to be married; (2) after the agreement, the man and woman live together in Texas as husband and wife; and (3) that the man and woman represent to others that they are married. TEX. FAM. CODE ANN. § 2.401(a)(2) (Vernon 1998). There is no dispute that Jolly and Schwartz lived together for years. The dispute is centered on whether there was an agreement to be married and whether Jolly and Schwartz represented to others that they were married. Both sides have offered evidence on the disputed issues. The Court notes that this is a close call but holds

that there are genuine issues of material fact preventing summary judgment.

    A.    <u>Agreement to be Married</u>

Laidlaw states that there is no fact issue as to whether or not there was an agreement to be married. The Court disagrees. Both parties admit that Jolly testified that, after September 11, 2001, Jolly approached Schwartz about how the events of 9/11 would affect her work visa renewal. Jolly testified that Schwartz stated that he considered Jolly his wife and that it was at this point that Schwartz and Jolly reached an agreement to be married.

There is very little evidence tending to corroborate or disprove Jolly's testimony. Thus, it is up to a jury to decide whether Jolly's testimony regarding the conversation is credible – not this Court. Accordingly, the Court finds that this evidence is sufficient to create a fact issue.

    B.    <u>Representations to the Public</u>

Laidlaw has offered evidence to support its position that Jolly and Mr. Schwartz did not make representations to the public that they were married. For example, Mr. Schwartz's family members testified that they considered Jolly to be Mr. Schwartz' long-term girlfriend and that Jolly was always introduced by name and not as a spouse. Further, Mr. Schwartz and Jolly filed separate tax returns and identified themselves as single on the tax return forms. In Mr. Schwartz' will, Mr. Schwartz excludes Jolly as a member of his family and never refers to her as his wife.

Jolly responds by offering affidavits from two people wherein one, an FBI agent, testified that Mr. Schwartz stated that he was in a common law marriage with Jolly. Another affidavit from a friend of Jolly states that Jolly referred to Mr. Schwartz as her "house husband." Jolly has offered applications for insurance, fitness clubs, and Costco as evidence that Jolly and Mr. Schwartz held out to the public that they were married. Laidlaw points out that much of this evidence has some ambiguity as to whether the parties represented that they were married. While

the Court generally agrees with Laidlaw's position, the evidence proffered by Jolly creates a genuine issue of material fact as to whether Jolly and Mr. Schwartz represented to the general public that they were married.

**3.     Conclusion**

The Court finds that there are genuine issues of material fact preventing summary judgment as to whether there was an agreement to be married and whether Jolly and Mr. Schwartz represented to the general public that they were married.  Accordingly, the Court denies Laidlaw's Motion for Summary Judgment.

SIGNED this 26th day of August, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE